IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS R COX,

      Plaintiff,

v.                                                                    CASE NO. 5:15-cv-61-WS-GRJ

STATE OF INDIANA, and
INDIANA BUREAU OF MOTOR
VEHICLES,

      Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing Doc. 1, a *pro se* civil rights Complaint, and Doc. 2, a motion for leave to proceed as a pauper.  For the reasons discussed below, leave to proceed as a pauper will be granted for the limited purpose of dismissing the Complaint.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*,  the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5ᵗʰ Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*)*.

In the Complaint, Plaintiff, a resident of Panama City, Florida, asserts a negligence claim against the State of Indiana and the Indiana Bureau of Motor Vehicles.   Plaintiff seeks compensatory damages against Defendants in the amount of $2,000,000 for lost income and medical expenses incurred due to a heart attack and type 2 diabetes which Plaintiff attributes to stress as a result of Defendants' alleged negligence.  Doc. 1 at 8.  Specifically, Plaintiff contends that Defendants were negligent in the handling of multiple traffic citations that eventually resulted in the suspension of Plaintiff's Indiana drivers' license.  The citations were due to Plaintiff's purchase of a vehicle more than 10 years ago in Indiana, while Plaintiff resided in Indiana, that Plaintiff could not obtain title to, leading to "multiple plate violations" and the suspension of his Indiana drivers license.  Plaintiff alleges that in 2013 he "addressed" such suspensions and "thought the suspensions were resolved."  *Id*. at 4.  Sometime thereafter, he moved to Florida.  Plaintiff was stopped for a traffic violation in Panama City and was arrested and jailed due to the outstanding Indiana license suspension.  *Id*. The Florida arrest, for which Plaintiff incurred a fine and a year of probation during which he was denied driving privileges, caused an additional 90-day suspension of Plaintiff's Indiana license.  *Id*.

The Complaint suffers from several defects that warrant dismissal.  Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor  v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir.

1994).  Even liberally construed, it is clear that the factual allegations of the Complaint establish only that Plaintiff believes the Defendants negligently handled his traffic citations in the State of Indiana, matters that are governed by Indiana state law and create no basis for federal subject matter jurisdiction.

Further, Plaintiff may not invoke the Court's diversity jurisdiction because the named Defendants are the State of Indiana and the Indiana Bureau of Motor Vehicles, an agency of the State.  The Eleventh Amendment proscribes suits against States, their agencies, or departments.  *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  "Under the Eleventh Amendment, state officials sued for damages in their official capacities are immune from suit in federal court."  *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Thus, even if Plaintiff had named individual officials as Defendants, such Defendants also would be immune from Plaintiff's claim for damages to the extent they were sued in an official capacity, and therefore, this Court would be barred from exercising jurisdiction over this lawsuit.  *See Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 778 (2000).

Moreover, the facts alleged in the Complaint do not suggest that the Court would have personal jurisdiction over any state official sued in his individual capacity if the Court were to permit Plaintiff to amend the Complaint to add such officials.  A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *Louis Vuitton Malletier, S.A. v. Mosseri,*  736 F.3d 1339, 1350 (11th Cir. 2013) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)); Fed.

R. Civ. P. 12(b)(2).  "Plaintiff's burden in alleging personal jurisdiction is to plead

sufficient material facts to establish the basis for exercise of such jurisdiction."  *Future

Technology Today, Inc., v. OSF Healthcare Systems, Inc.*, 218 F.3d 1247, 1249 (11th

Cir. 2000).  In determining whether the court has personal jurisdiction over a

nonresident defendant, the court employs a two-part analysis.  *Horizon Aggressive

Growth v. Rothstein-Kass*, 421 F.3d 1162, 1166 (11th Cir. 2005).   First, the court must

determine if jurisdiction can be obtained over the defendants under Florida's long-arm

statute.[1]  *See id.*  If so, the court must then decide whether the nonresident defendants

have sufficient "minimum contacts" with Florida to satisfy the constitutional

requirements under the Due Process Clause of the Fourteenth Amendment so that

maintenance of the suit "does not offend 'traditional notions of fair play and substantial

justice.'"  *Id.*  Even if jurisdiction is found under Florida's long-arm statute, a separate

review of the facts must be undertaken by the court to determine if the constitutional

test is met.  *See Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829,

855 (11th Cir. 1990) (quoting *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 500 (Fla.

1989)).

    In this case, there are no factual allegations suggesting that any acts taken by

Indiana officials with respect to Plaintiff's Indiana drivers license had any connection

with this forum sufficient to create personal jurisdiction here.  *See* Doc. 1.  The fact that

---

[1]Florida's long-arm statute provides for two types of personal jurisdiction: specific
jurisdiction under § 48.193(1), where a party's contacts with the forum relate to the
cause of action and general jurisdiction under § 48.193(2), where a party's contacts are
unrelated to the litigation, but nonetheless are "continuous and systematic," such as
owning property, running a business, or maintaining a bank account.

Plaintiff's Indiana license suspension had collateral consequences upon Plaintiff's driving privileges in Florida is plainly insufficient to create such personal jurisdiction.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend a complaint "should be freely given."  *See* Fed.R.Civ.P. 15(a).   Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.   Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert any cognizable claims for relief in this Court, the Court concludes that amendment of the complaint would be futile.  *See Foman*, 371 U.S. at 182.

## Conclusion

Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2) for lack of jurisdiction and failure to state a claim upon which relief may be granted, without prejudice to refiling in an appropriate forum.

**IN CHAMBERS** at Gainesville, Florida, this 8th day of April 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**